**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | : | **Chapter 7** |
|  | : |  |
| **MICHAEL A. CARR,** | : |  |
|  | : | **Case No. 16-18870-AMC** |
| **Debtor.** | : |  |

**STIPULATION AND AGREED ORDER RESOLVING OBJECTION**
**OF LYNN E. FELDMAN, CHAPTER 7 TRUSTEE,**
**TO CERTAIN OF THE DEBTOR'S CLAIMS OF EXEMPTION**

This Stipulation and Agreed Order (the "Stipulation") is made by and between counsel for (i) Lynn E. Feldman, Esquire (the "Trustee"), the court appointed chapter 7 Trustee for the estate of Michael A. Carr, and (ii) Michael A. Carr (the "Debtor" and together with the Trustee, the "Parties"), by and through their respective undersigned counsel, resolving the Trustee's objection to certain of the Debtor's claims of exemption of property as noted in Schedule C of the Debtor's bankruptcy schedules and is subject only to approval by the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court").  In support hereof, the Parties aver as follows:

**RECITALS**

**WHEREAS**, on December 29, 2016, the Debtor filed a voluntary petition seeking relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") with the Court;

**WHEREAS**, on December 30, 2016 (the "Appointment Date"), the Trustee was appointed as the chapter 7 Trustee for the Debtor and his estate;

**WHEREAS**, on the Petition Date, the Debtor filed his Voluntary Petition for Individuals Filing for Bankruptcy (the "Petition"), which included certain schedules listing the Debtor's interests in certain property identified therein (the "Schedules");

**WHEREAS**, on August 2, 2017, the Trustee filed her Objection to Certain of the Debtor's Claims of Exemption (Doc. No. 59) (the "Objection");[1]

**WHEREAS**, in the Objection, the Trustee listed the following claims of exemption that she believed to be objectionable:

| Category of Exemption | Property Claimed as Exempt | Debtor's Valuation of Property Claimed as Exempt | Law That Allegedly Allows Exemption |
|---|---|---|---|
| I. Manayunk Property | 4210 Manayunk Avenue Philadelphia, PA 19128 | $180,000 | 42 Pa.C.S. § 8123(a) |
| II. Interests in Businesses | Unknown percentage ownership interest in C&M Student Housing, LLC. | $0 | 42 Pa.C.S. § 8123(a) |
| | 16.6% ownership interest in Disability Management Consultants, LLC | $0 | 42 Pa.C.S. § 8123(a) |
| | 16.6% ownership interest in TSI, LP | $0 | 42 Pa.C.S. § 8123(a) |
| | 16.6% ownership interest in TSI Group GP, LLC | $0 | 42 Pa.C.S. § 8123(a) |
| | 16.6% ownership interest in Tri State GP, LLC | $0 | 42 Pa.C.S. § 8123(a) |
| | Unknown percentage ownership interest in Tri-State Imaging Consultants, LLC | $0 | 42 Pa.C.S. § 8123(a) |
| | 11.6% ownership interest in WCP Breast MRI, LP | $0 | 42 Pa.C.S. § 8123(a) |
| | 16.6% ownership interest in Andorra Open MRI, Inc. | $0 | 42 Pa.C.S. § 8123(a) |
| | 16.6% ownership interest in County Line Open MRI, Inc. | $0 | 42 Pa.C.S. § 8123(a) |
| | 16.6% ownership interest in BSI Acquisition, Inc. | $0 | 42 Pa.C.S. § 8123(a) |
| | 16.6% ownership interest in DDG Acquisition, LLC | $0 | 42 Pa.C.S. § 8123(a) |
| | 50% ownership interest in | $0 | 42 Pa.C.S. § 8123(a) |

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

DM3\4929298.1

| | 4839 Ogle Street, LLC | | |
|---|---|---|---|
| | 50% ownership interest in 4089 Pechin Street, LLC | $0 | 42 Pa.C.S. § 8123(a) |
| III. Other Property Allegedly Subject to State Law Exemption | 2008 Chevrolet Tahoe, 127,000 miles | $9,108 | 42 Pa.C.S. § 8123(a) |
| | 2008 BMW XS, 130,000 miles | $8,310 | 42 Pa.C.S. § 8123(a) |
| | 2007 Toyota Camry, 118,000 miles | $4,911 | 42 Pa.C.S. § 8123(a) |
| | 2012 Yamaha PWC Cruiser (1 of 2) | $4,115 | 42 Pa.C.S. § 8123(a) |
| | 2012 Yamaha PWC Cruiser (2 of 2) | $4,115 | 42 Pa.C.S. § 8123(a) |
| | Raymond James Investment Account | $0 | 42 Pa.C.S. § 8123(a) |
| IV. Insurance Policy | Lisa Carr's life insurance policy in which Debtor is named beneficiary. | $0 | 42 Pa.C.S. § 8124(c)(6) |

and

**WHEREAS**, the Parties seek to resolve the Objection on the terms and conditions set forth below.

## **STIPULATION**

**NOW, THEREFORE**, it is hereby stipulated and agreed by and between the Parties, through their respective undersigned counsel:

1.      The Objection is sustained, in part, and withdrawn, in part, all as specifically set forth herein.

2.      The Debtor is entitled to collect a single, one-time sum of $300 pursuant to the 42 Pa.C.S. § 8123(a) exemption from the liquidation of any of the Debtor's property interests that are claimed as non-exempt under 42 Pa.C.S. § 8123(a).

3.      Once the Debtor has collected the aggregate amount of $300 from the sale of any of the items of property claimed as exempt under this exemption, the exemption shall be exhausted.

3

4.      Upon the exhaustion of the 42 Pa.C.S. § 8123(a) exemption, all other property listed as exempt pursuant to this statute shall be deemed non-exempt, and any claimed exemption in such property shall be overruled.

5.      In full and final resolution of the Objection with respect to the Vehicles, the Debtor shall pay the estate the sum of $16,250 by check made payable to Lynn E. Feldman, Esquire, chapter 7 Trustee for the estate of Michael A. Carr.

6.      In exchange for this payment, the Trustee shall withdraw the Objection with respect to the Vehicles with prejudice.

7.      The Objection as to the Debtor's claimed exemption in the Manayunk Property is withdrawn, and the Manayunk Property shall be considered exempt from the Debtor's estate by virtue of 11 U.S.C. § 522(b)(3)(B).

8.      The Objection as to the Debtor's claimed exemption in the Insurance Policy is sustained, because the Insurance Policy is owned by the Debtors' wife, and therefore the Insurance Policy is neither property of the Debtors' estate, nor is the Insurance Policy properly claimed as exempt pursuant to 42 Pa.C.S. § 8124(c)(6).  The Debtor and the Trustee reserve all of their rights with respect to the Insurance Policy to the extent not specifically set forth herein.

9.      It is expressly understood and agreed between the Parties that the terms of this Stipulation are contractual and that the agreement contained herein and the consideration contemplated hereby is to compromise and to resolve the Objection, and that no statement made herein, payment, or other consideration shall be construed as an admission of liability or of past or present wrongdoing by either of the Parties.

10.      This Stipulation is not a release of any claims but, rather, is a resolution of the Objection, and each of the Parties expressly reserves all of their rights with respect to all other

DM3\4929298.1

matters in the Debtor's bankruptcy Case, including, but not limited to, all other claims, exemptions, and avoidance actions.  For the avoidance of doubt, the Trustee is not waiving or relinquishing any rights to pursue any avoidance actions, including, but not limited to, those specifically referenced in the Objection.

11.     Each of the Parties hereto represents and warrants that it has carefully read this Stipulation in its entirety; that it has had an adequate opportunity to consider it and to consult with any advisor of its choice about it; that it understands all of its terms; that its undersigned representative is duly authorized to enter into this Stipulation on its behalf; that it voluntarily assents to all the terms and conditions contained herein; that by signing this Stipulation it is bound by the terms and conditions contained herein; and that it is signing this Stipulation voluntarily and of its own free will.

12.     This Stipulation contains the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

13.     This Stipulation may be changed, modified or otherwise altered in a writing executed by the Parties.  Oral modifications are not permitted.

14.     This Stipulation shall be effective immediately upon approval by the Court.

15.     The Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

16.     This Stipulation may be signed in counterpart originals.

DM3\4929298.1

Dated: December 4, 2017

Respectfully submitted,


*/s/ David B. Smith*

David B. Smith (PA I.D. 59098)

SMITH KANE HOLMAN, LLC

112 Moores Road, STE 300

Malvern, PA 19355

Telephone: (610) 407-7217

Facsimile: (610) 407-7218

Email: dsmith@skhlaw.com


*Counsel to Debtor*

*/s/ Lawrence J. Kotler*

Lawrence J. Kotler, Esq. (PA I.D. 56029)

Catherine B. Heitzenrater, Esq. (PA I.D. 205597)

DUANE MORRIS LLP

30 South 17th Street

Philadelphia, PA 19103

Telephone:    (215) 979-1514

Facsimile:    (215) 979-1020

Email: LJKotler@duanemorris.com
          CHeitzenrater@duanemorris.com


*Counsel to Lynn E. Feldman, Esquire, Chapter 7 Trustee for the Debtor's Estate*


IT IS SO ORDERED.

Dated: _____, 2017

_____

Ashely M. Chan

UNITED STATES BANKRUPTCY JUDGE

DM3\4929298.1