United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 16-18870-amc
Michael A. Carr                                                           Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: JEGilmore              Page 1 of 1            Date Rcvd: Dec 07, 2017
                              Form ID: pdf900              Total Noticed: 7

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 09, 2017.
db          +Michael A. Carr,    5281 Rogers Circle,    Plymouth Meeting, PA 19462-1250
cr          +U.S. Department of Labor,    Office of the Solicitor,    Suite 630 East, The Curtis Center,
              170 S. Independence Mall West,    Philadelphia, PA 19106-3323
cr          +Wilmington Savings Fund Society, FSB,    c/o Bonnie R. Golub, Esquire,    Weir & Partners LLP,
              1339 Chestnut Street, Suite 500,    Philadelphia, PA 19107-3501
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: bankruptcy@phila.gov Dec 08 2017 01:23:10     City of Philadelphia,
                City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 08 2017 01:22:43
                Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 08 2017 01:22:56     U.S. Attorney Office,
                c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
cr             +E-mail/PDF: gecsedi@recoverycorp.com Dec 08 2017 01:23:31     Synchrony Bank,
                c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                               TOTAL: 4

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 09, 2017                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 7, 2017 at the address(es) listed below:
              ALFRED T GIULIANO    atgiuliano@giulianomiller.com,    NJ90@ecfcbis.com;ddileo@giulianomiller.com
              BONNIE R. GOLUB   on behalf of Creditor    Wilmington Savings Fund Society, FSB
               bgolub@weirpartners.com,    imarciniszyn@weirpartners.com
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    BANK OF AMERICA, N.A. bnicholas@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              DAVID B. SMITH    on behalf of Defendant Michael A. Carr dsmith@smithkanelaw.com
              DAVID B. SMITH    on behalf of Debtor Michael A. Carr dsmith@smithkanelaw.com
              JOHN M. STRAWN    on behalf of Creditor    U.S. Department of Labor strawn.john@dol.gov,
               zzsol-phi-docket@dol.gov
              LAWRENCE J. KOTLER    on behalf of Trustee LYNN E. FELDMAN ljkotler@duanemorris.com
              LYNN E. FELDMAN    trustee.feldman@rcn.com,    lfeldman@ecf.epiqsystems.com
              LYNN E. FELDMAN    on behalf of Trustee LYNN E. FELDMAN trustee.feldman@rcn.com,
               lfeldman@ecf.epiqsystems.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com
              MICHAEL J. BURNS    on behalf of Plaintiff Joyce  Wojtowicz and Plan Participants in the Tri State
               Imaging PR, mjburnslaw@verizon.net
              REBECCA ANN SOLARZ    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM EDWARD MILLER    on behalf of Creditor    THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW
               YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2007-1T1,
               MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1T1 wmiller@sterneisenberg.com,
               bkecf@sterneisenberg.com
                                                                                               TOTAL: 14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| MICHAEL A. CARR, | : | |
| | : | Case No. 16-18870-AMC |
| Debtor. | : | |

**STIPULATION AND AGREED ORDER RESOLVING OBJECTION
OF LYNN E. FELDMAN, CHAPTER 7 TRUSTEE,
TO CERTAIN OF THE DEBTOR'S CLAIMS OF EXEMPTION**

This Stipulation and Agreed Order (the "Stipulation") is made by and between counsel for (i) Lynn E. Feldman, Esquire (the "Trustee"), the court appointed chapter 7 Trustee for the estate of Michael A. Carr, and (ii) Michael A. Carr (the "Debtor" and together with the Trustee, the "Parties"), by and through their respective undersigned counsel, resolving the Trustee's objection to certain of the Debtor's claims of exemption of property as noted in Schedule C of the Debtor's bankruptcy schedules and is subject only to approval by the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court"). In support hereof, the Parties aver as follows:

**RECITALS**

**WHEREAS**, on December 29, 2016, the Debtor filed a voluntary petition seeking relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") with the Court;

**WHEREAS**, on December 30, 2016 (the "Appointment Date"), the Trustee was appointed as the chapter 7 Trustee for the Debtor and his estate;

**WHEREAS**, on the Petition Date, the Debtor filed his Voluntary Petition for Individuals Filing for Bankruptcy (the "Petition"), which included certain schedules listing the Debtor's interests in certain property identified therein (the "Schedules");

**WHEREAS**, on August 2, 2017, the Trustee filed her Objection to Certain of the Debtor's Claims of Exemption (Doc. No. 59) (the "Objection");[1]

**WHEREAS**, in the Objection, the Trustee listed the following claims of exemption that she believed to be objectionable:

| Category of Exemption | Property Claimed as Exempt | Debtor's Valuation of Property Claimed as Exempt | Law That Allegedly Allows Exemption |
|---|---|---|---|
| I. Manayunk Property | 4210 Manayunk Avenue Philadelphia, PA 19128 | $180,000 | 42 Pa.C.S. § 8123(a) |
| II. Interests in Businesses | Unknown percentage ownership interest in C&M Student Housing, LLC. | $0 | 42 Pa.C.S. § 8123(a) |
| | 16.6% ownership interest in Disability Management Consultants, LLC | $0 | 42 Pa.C.S. § 8123(a) |
| | 16.6% ownership interest in TSI, LP | $0 | 42 Pa.C.S. § 8123(a) |
| | 16.6% ownership interest in TSI Group GP, LLC | $0 | 42 Pa.C.S. § 8123(a) |
| | 16.6% ownership interest in Tri State GP, LLC | $0 | 42 Pa.C.S. § 8123(a) |
| | Unknown percentage ownership interest in Tri-State Imaging Consultants, LLC | $0 | 42 Pa.C.S. § 8123(a) |
| | 11.6% ownership interest in WCP Breast MRI, LP | $0 | 42 Pa.C.S. § 8123(a) |
| | 16.6% ownership interest in Andorra Open MRI, Inc. | $0 | 42 Pa.C.S. § 8123(a) |
| | 16.6% ownership interest in County Line Open MRI, Inc. | $0 | 42 Pa.C.S. § 8123(a) |
| | 16.6% ownership interest in BSI Acquisition, Inc. | $0 | 42 Pa.C.S. § 8123(a) |
| | 16.6% ownership interest in DDG Acquisition, LLC | $0 | 42 Pa.C.S. § 8123(a) |
| | 50% ownership interest in | $0 | 42 Pa.C.S. § 8123(a) |

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

|  | 4839 Ogle Street, LLC |  |  |
|---|---|---|---|
|  | 50% ownership interest in 4089 Pechin Street, LLC | $0 | 42 Pa.C.S. § 8123(a) |
| III. Other Property Allegedly Subject to State Law Exemption | 2008 Chevrolet Tahoe, 127,000 miles | $9,108 | 42 Pa.C.S. § 8123(a) |
|  | 2008 BMW XS, 130,000 miles | $8,310 | 42 Pa.C.S. § 8123(a) |
|  | 2007 Toyota Camry, 118,000 miles | $4,911 | 42 Pa.C.S. § 8123(a) |
|  | 2012 Yamaha PWC Cruiser (1 of 2) | $4,115 | 42 Pa.C.S. § 8123(a) |
|  | 2012 Yamaha PWC Cruiser (2 of 2) | $4,115 | 42 Pa.C.S. § 8123(a) |
|  | Raymond James Investment Account | $0 | 42 Pa.C.S. § 8123(a) |
| IV. Insurance Policy | Lisa Carr's life insurance policy in which Debtor is named beneficiary. | $0 | 42 Pa.C.S. § 8124(c)(6) |

and

**WHEREAS**, the Parties seek to resolve the Objection on the terms and conditions set forth below.

## STIPULATION

**NOW, THEREFORE**, it is hereby stipulated and agreed by and between the Parties, through their respective undersigned counsel:

1. The Objection is sustained, in part, and withdrawn, in part, all as specifically set forth herein.

2. The Debtor is entitled to collect a single, one-time sum of $300 pursuant to the 42 Pa.C.S. § 8123(a) exemption from the liquidation of any of the Debtor's property interests that are claimed as non-exempt under 42 Pa.C.S. § 8123(a).

3. Once the Debtor has collected the aggregate amount of $300 from the sale of any of the items of property claimed as exempt under this exemption, the exemption shall be exhausted.

4. Upon the exhaustion of the 42 Pa.C.S. § 8123(a) exemption, all other property listed as exempt pursuant to this statute shall be deemed non-exempt, and any claimed exemption in such property shall be overruled.

5. In full and final resolution of the Objection with respect to the Vehicles, the Debtor shall pay the estate the sum of $16,250 by check made payable to Lynn E. Feldman, Esquire, chapter 7 Trustee for the estate of Michael A. Carr.

6. In exchange for this payment, the Trustee shall withdraw the Objection with respect to the Vehicles with prejudice.

7. The Objection as to the Debtor's claimed exemption in the Manayunk Property is withdrawn, and the Manayunk Property shall be considered exempt from the Debtor's estate by virtue of 11 U.S.C. § 522(b)(3)(B).

8. The Objection as to the Debtor's claimed exemption in the Insurance Policy is sustained, because the Insurance Policy is owned by the Debtors' wife, and therefore the Insurance Policy is neither property of the Debtors' estate, nor is the Insurance Policy properly claimed as exempt pursuant to 42 Pa.C.S. § 8124(c)(6). The Debtor and the Trustee reserve all of their rights with respect to the Insurance Policy to the extent not specifically set forth herein.

9. It is expressly understood and agreed between the Parties that the terms of this Stipulation are contractual and that the agreement contained herein and the consideration contemplated hereby is to compromise and to resolve the Objection, and that no statement made herein, payment, or other consideration shall be construed as an admission of liability or of past or present wrongdoing by either of the Parties.

10. This Stipulation is not a release of any claims but, rather, is a resolution of the Objection, and each of the Parties expressly reserves all of their rights with respect to all other

4

matters in the Debtor's bankruptcy Case, including, but not limited to, all other claims, exemptions, and avoidance actions. For the avoidance of doubt, the Trustee is not waiving or relinquishing any rights to pursue any avoidance actions, including, but not limited to, those specifically referenced in the Objection.

11.  Each of the Parties hereto represents and warrants that it has carefully read this Stipulation in its entirety; that it has had an adequate opportunity to consider it and to consult with any advisor of its choice about it; that it understands all of its terms; that its undersigned representative is duly authorized to enter into this Stipulation on its behalf; that it voluntarily assents to all the terms and conditions contained herein; that by signing this Stipulation it is bound by the terms and conditions contained herein; and that it is signing this Stipulation voluntarily and of its own free will.

12.  This Stipulation contains the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

13.  This Stipulation may be changed, modified or otherwise altered in a writing executed by the Parties. Oral modifications are not permitted.

14.  This Stipulation shall be effective immediately upon approval by the Court.

15.  The Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

16.  This Stipulation may be signed in counterpart originals.

| | |
|---|---|
| Dated: December 4, 2017 | Respectfully submitted, |

| | |
|---|---|
| */s/ David B. Smith* | */s/ Lawrence J. Kotler* |
| David B. Smith (PA I.D. 59098) | Lawrence J. Kotler, Esq. (PA I.D. 56029) |
| SMITH KANE HOLMAN, LLC | Catherine B. Heitzenrater, Esq. (PA I.D. 205597) |
| 112 Moores Road, STE 300 | DUANE MORRIS LLP |
| Malvern, PA 19355 | 30 South 17th Street |
| Telephone: (610) 407-7217 | Philadelphia, PA 19103 |
| Facsimile: (610) 407-7218 | Telephone:    (215) 979-1514 |
| Email: dsmith@skhlaw.com | Facsimile:    (215) 979-1020 |
| | Email: LJKotler@duanemorris.com |
| *Counsel to Debtor* | CHeitzenrater@duanemorris.com |
| | *Counsel to Lynn E. Feldman, Esquire, Chapter 7 Trustee for the Debtor's Estate* |

IT IS SO ORDERED.

Dated: __December 6__, 2017

_____
Ashely M. Chan
UNITED STATES BANKRUPTCY JUDGE