IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **Chapter 7** |
| | : | |
| **MICHAEL A. CARR,** | : | |
| | : | **Case No. 16-18870-AMC** |
| Debtor. | : | |

## STIPULATION AND AGREED ORDER TOLLING CERTAIN STATUES OF LIMITATION AND ADJOURNING CERTAIN DEADLINES

This Stipulation and Agreed Order (the "Stipulation") is made by and between counsel for (i) Lynn E. Feldman, Esquire (the "Trustee"), the court appointed chapter 7 Trustee for the estate of Michael A. Carr, (ii) Michael A. Carr (the "Debtor"), (iii) C&M Student Housing, LLC ("C&M"), and (iv) 4089 Pechin Street, LLC ("Pechin Street" and, together with C&M, the "Defendant Parties", and together with the Debtor and the Trustee, the "Parties") tolling certain statutes of limitations and adjourning certain deadlines in connection with the Bankruptcy Case, the Pending Adversary Proceedings, and the Claims (all as defined herein). In support of the Stipulation, the Parties aver as follows:

## RECITALS

**WHEREAS,** on December 29, 2016, the Debtor filed a voluntary petition seeking relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") with the Court, thereby commencing the above-captioned bankruptcy case (the "Bankruptcy Case");

**WHEREAS,** on December 30, 2016 (the "Appointment Date"), the Trustee was appointed as the chapter 7 Trustee for the Debtor and his estate (the "Estate");

**WHEREAS,** on the Petition Date, the Debtor filed his Voluntary Petition for Individuals Filing for Bankruptcy (the "Petition"), which included certain schedules listing the Debtor's interests in certain property identified therein (the "Schedules");

DM3\5461119.1

**WHEREAS**, the Trustee, through her counsel, previously sent a demand letter to the Defendant Parties advising the Defendant Parties of, *inter alia*, the Trustee's investigation of potential claims of the Estate against the Defendant Parties, including certain turnover claims based upon loans made by the Debtor to the Defendant Parties (the "Loans");

**WHEREAS**, the Trustee thereafter filed adversary proceedings against the Defendant Parties seeking turnover of the amount of the Loans (collectively, the "Pending Adversary Proceedings");

**WHEREAS**, the Defendant Parties each filed an answer denying the claims asserted in the Pending Adversary Proceedings;

**WHEREAS**, after the Pending Adversary Proceedings were filed, on September 20, 2018, the Debtor filed an amended Schedule A/B [Doc. No. 92], ("Amended Schedule A/B"), disclosing the Loans in the Bankruptcy Case for the first time;

**WHEREAS**, on the same day, the Debtor filed his amended Schedule C [Doc. No. 93] ("Amended Schedule C," and, together with Amended Schedule A/B, the "Amended Schedules"), by which the Debtor asserts that he is entitled to claim an exemption in the Loans by virtue of Bankruptcy Code section 522(b)(3)(B);

**WHEREAS**, on October 10, 2018, the Trustee filed her *Objection of Lynn E. Feldman, Chapter 7 Trustee, to the Debtor's Claim of Exemption in Certain Undisclosed Property* [Doc. No. 94] (the "Objection");

**WHEREAS**, the Trustee believes that the Estate may have additional claims against the Debtor and/or the Defendant Parties, including, but not limited to, fraudulent transfer claims (the "Additional Claims," and, together with the Pending Adversary Proceedings, the Amended Schedules and the Objection, the "Pending Issues");

2

WHEREAS, the Parties would like to engage in mediation (a "Mediation") with a mutually-agreeable mediator (the "Mediator") in an attempt to negotiate a consensual resolution of the Pending Issues and any other claims between the Parties (collectively with the Pending Issues, the "Claims");

WHEREAS, the Parties, in an effort to avoid litigation and any unnecessary costs or expenses and in an attempt to reach an amicable resolution of the Claims, have agreed, among other things, to toll any pending statute of limitations and adjourn other pending deadlines with respect to the Pending Issues, and want to memorialize this understanding in writing.

## STIPULATION

NOW, THEREFORE, it is hereby stipulated and agreed by and between the Parties, through their respective undersigned counsel:

1. The Mediation shall commence as soon as practicable after this Stipulation is approved by the Bankruptcy Court, based upon the respective schedules of the Parties and the selected Mediator.

2. In connection with the Meditation: (a) the Debtor will pay one-half of the Mediator's fee prior to the date first scheduled for the Mediation; and (b)(i) if the Mediation is successful, the remainder of the Mediator's fee shall be paid within fifteen (15) days of the effective date of any settlement agreement entered into by the Parties out of the settlement amount paid by the Debtor to the Trustee on account of such settlement; or (ii) if the Meditation is not successful, the Trustee shall seek to employ the Mediator in the Bankruptcy Case and the remainder of the Mediator's fee shall be paid by the estate.

3. After the conclusion of the Meditation, the Trustee shall file a notice with the Bankruptcy Court indicating whether or not the Mediation was successful with respect to all of the Claims (the "Mediation Notice").

3

DM3\5461119.1

4. Any pending deadlines or statutes of limitations applicable under common law, or under federal, state, and/or local statutory law, or any other time-related defenses, including, but not limited to, any limitations under sections 108, 546(a) and 549(d) of the Bankruptcy Code and all other time limitations or time-based defenses with respect to the Claims are hereby tolled from the date this Stipulation is signed by all Parties through and including the date which is thirty (30) days after the Trustee has filed a Mediation Notice indicating that the Mediation has concluded without resolution of all of the Claims (which period can be subject to further extension by written agreement of the Parties, the "Tolling Period").

5. Each of the Parties shall forbear from instituting or prosecuting any legal, equitable or other action or claim against any other Party relating, referring or pertaining to the Claims for the duration of the Tolling Period and any extension thereof.

6. All deadlines currently in place with respect to the Pending Issues (including, but not limited to, the Pending Adversary Proceedings and the Objection) shall be adjourned for the duration of the Tolling Period and any extension thereof.

7. Should the Mediation not be successful with respect to all of the Claims (a) each Party may pursue any unresolved Claims against any other Party between the conclusion of the Mediation and the expiration of the Tolling Period, and (b) upon expiration of the Tolling Period all deadlines with respect to the Pending Issues may be reinstated.

8. The Parties hereby acknowledge and agree that any actions instituted after the expiration of the Tolling Period or any extension thereof in accordance with the terms of this Stipulation shall not be subject to any defenses based upon statutes of limitation, statutes of repose, or any other time-related defenses, including, but not limited to, any statues of limitations or repose under sections 108, 546(a) and 549(d) of the Bankruptcy Code.

DM3\5461119.1

9. Each of the Parties hereto represents that it: (i) has carefully read this Stipulation in its entirety; (ii) has had an adequate opportunity to consider this Stipulation and to consult with any advisor of its choice about this Stipulation; (iii) understands all of the terms of this Stipulation; (iv) enters into the terms of this Stipulation voluntarily and without duress; (v) has the full power, authority and legal right to enter into this Stipulation; (vi) has obtained all of the approvals and consents necessary to execute, deliver and perform under this Stipulation; and (vii) agrees and acknowledges to be bound by the terms and conditions of this Stipulation.

10. This Stipulation constitutes the entire agreement between the Parties hereto with respect to the subject matter hereof, and any prior oral or written statements concerning same are merged herein for all purposes and shall be of force only to the extent they are reiterated in this Stipulation.

11. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective successors or assigns.

12. This Stipulation may not be used as evidence in any subsequent litigation for any purpose other than to prove that the Parties agreed to a tolling of pending deadlines and periods of limitations and/or repose and the mutual waiver of certain defenses as provided herein.

13. This Stipulation is not intended to and shall not be construed as an admission of liability by any Party and all Parties continue to reserve all rights and defenses available to them, except as provided in this Stipulation.

14. No person other than the Parties may rely upon or utilize this Stipulation for any purpose whatsoever except as expressly permitted herein.

15. This Stipulation may be executed in counterparts and all executed counterparts taken together shall constitute one document.

DM3\5461119.1

16. A facsimile and/or photocopy of any page of this Stipulation, including a page bearing the signature(s) of one or more Parties, shall be the equivalent of an original of the same.

**DUANE MORRIS LLP**

*/s/ Lawrence J. Kotler*
Lawrence J. Kotler, Esq. (PA I.D. 56029)
Catherine B. Heitzenrater, Esq. (PA I.D. 205597)
30 South 17th Street
Philadelphia, PA 19103
Telephone:    (215) 979-1514
Facsimile:    (215) 979-1020
Email: LJKotler@duanemorris.com
CHeitzenrater@duanemorris.com

*Counsel to Lynn E. Feldman, Esquire, Chapter 7 Trustee for the Debtor's Estate*


**SMITH KANE HOLMAN, LLC**

*/s/ David B. Smith*
David B. Smith (PA I.D. 59098)
SMITH KANE HOLMAN, LLC
112 Moores Road, STE 300
Malvern, PA 19355
Telephone: (610) 407-7217
Facsimile: (610) 407-7218
Email: dsmith@skhlaw.com

*Counsel to Debtor*


**SILVERANG DONOHOE ROSENZWEIG & HALTZMAN, LLC**

*/s/ Barbara A. Fein*
Barbara A. Fein, Esquire (53002)
595 E. Lancaster Ave., Ste. 203
St. Davids, PA 19087
Telephone: (610) 263-0124
Facsimile: (215) 754-4934
Email: bfein@sanddlawyers.com

*Attorneys for the Defendant Parties*

6

DM3\5461119.1

IT IS SO ORDERED.

Dated: _____, 2018    _____
                                  Ashely M. Chan
                                  UNITED STATES BANKRUPTCY JUDGE

DM3\5461119.1