United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 16-18870-amc
Michael A. Carr                                                     Chapter 7
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2        User: JEGilmore        Page 1 of 2        Date Rcvd: Nov 14, 2018
                            Form ID: pdf900        Total Noticed: 7

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 16, 2018.
db          +Michael A. Carr,   5281 Rogers Circle,   Plymouth Meeting, PA 19462-1250
cr          +U.S. Department of Labor,   Office of the Solicitor,   Suite 630 East, The Curtis Center,
              170 S. Independence Mall West,   Philadelphia, PA 19106-3323
cr          +Wilmington Savings Fund Society, FSB,   c/o Bonnie R. Golub, Esquire,   Weir & Partners LLP,
              1339 Chestnut Street, Suite 500,   Philadelphia, PA 19107-3501
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          E-mail/Text: megan.harper@phila.gov Nov 15 2018 03:55:55      City of Philadelphia,
              City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
              Philadelphia, PA  19102-1595
smg          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 15 2018 03:55:12
              Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
              Harrisburg, PA  17128-0946
smg         +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Nov 15 2018 03:55:52      U.S. Attorney Office,
              c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
cr          +E-mail/PDF: gecsedi@recoverycorp.com Nov 15 2018 04:00:05      Synchrony Bank,
              c/o PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                                              TOTAL: 4

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 16, 2018                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 14, 2018 at the address(es) listed below:
          ALFRED T GIULIANO    atgiuliano@giulianomiller.com, NJ90@ecfcbis.com;ddileo@giulianomiller.com
          BARBARA A. FEIN    on behalf of Defendant   4089 Pechin Street bfein@sanddlawyers.com,
           mhanford@sanddlawyers.com
          BARBARA A. FEIN    on behalf of Defendant   C&M Student Housing LLC bfein@sanddlawyers.com,
           mhanford@sanddlawyers.com
          BONNIE R. GOLUB    on behalf of Creditor   Wilmington Savings Fund Society, FSB
           bgolub@weirpartners.com, imarciniszyn@weirpartners.com
          BRIAN CRAIG NICHOLAS    on behalf of Creditor   BANK OF AMERICA, N.A. bnicholas@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          DAVID B. SMITH    on behalf of Debtor Michael A. Carr dsmith@skhlaw.com,
           b.dr70286@notify.bestcase.com
          DAVID B. SMITH    on behalf of Defendant Michael A. Carr dsmith@skhlaw.com,
           b.dr70286@notify.bestcase.com
          JOHN M. STRAWN    on behalf of Creditor   U.S. Department of Labor strawn.john@dol.gov,
           zzsol-phi-docket@dol.gov
          LAWRENCE J. KOTLER    on behalf of Plaintiff Lynn  Feldman ljkotler@duanemorris.com
          LAWRENCE J. KOTLER    on behalf of Trustee LYNN E. FELDMAN ljkotler@duanemorris.com
          LYNN E. FELDMAN    trustee.feldman@rcn.com, lfeldman@ecf.epiqsystems.com
          LYNN E. FELDMAN    on behalf of Trustee LYNN E. FELDMAN trustee.feldman@rcn.com,
           lfeldman@ecf.epiqsystems.com
          MATTEO SAMUEL WEINER    on behalf of Creditor   JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com
          MICHAEL J. BURNS    on behalf of Plaintiff Joyce  Wojtowicz and Plan Participants in the Tri State
           Imaging PR, mjburnslaw@verizon.net
          PHILIP S. ROSENZWEIG    on behalf of Defendant   4089 Pechin Street prosenzweig@sanddlawyers.com,
           mhanford@sanddlawyers.com;mraynor@sanddlawyers.com;rchew@sanddlawyers.com;boneill@sanddlawyers.co
           m

```
District/off: 0313-2          User: JEGilmore              Page 2 of 2                   Date Rcvd: Nov 14, 2018
                              Form ID: pdf900              Total Noticed: 7
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          PHILIP S. ROSENZWEIG    on behalf of Defendant    C&M Student Housing LLC
           prosenzweig@sanddlawyers.com,
           mhanford@sanddlawyers.com;mraynor@sanddlawyers.com;rchew@sanddlawyers.com;boneill@sanddlawyers.com
          REBECCA ANN SOLARZ    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM EDWARD MILLER    on behalf of Creditor    THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2007-1T1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1T1 wmiller@sterneisenberg.com, bkecf@sterneisenberg.com

                                                                                                          TOTAL: 19

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| MICHAEL A. CARR, | : | |
| | : | Case No. 16-18870-AMC |
| Debtor. | : | |

**STIPULATION AND AGREED ORDER TOLLING CERTAIN STATUES OF
LIMITATION AND ADJOURNING CERTAIN DEADLINES**

This Stipulation and Agreed Order (the "Stipulation") is made by and between counsel for (i) Lynn E. Feldman, Esquire (the "Trustee"), the court appointed chapter 7 Trustee for the estate of Michael A. Carr, (ii) Michael A. Carr (the "Debtor"), (iii) C&M Student Housing, LLC ("C&M"), and (iv) 4089 Pechin Street, LLC ("Pechin Street" and, together with C&M, the "Defendant Parties", and together with the Debtor and the Trustee, the "Parties") tolling certain statutes of limitations and adjourning certain deadlines in connection with the Bankruptcy Case, the Pending Adversary Proceedings, and the Claims (all as defined herein). In support of the Stipulation, the Parties aver as follows:

**RECITALS**

**WHEREAS**, on December 29, 2016, the Debtor filed a voluntary petition seeking relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") with the Court, thereby commencing the above-captioned bankruptcy case (the "Bankruptcy Case");

**WHEREAS**, on December 30, 2016 (the "Appointment Date"), the Trustee was appointed as the chapter 7 Trustee for the Debtor and his estate (the "Estate");

**WHEREAS**, on the Petition Date, the Debtor filed his Voluntary Petition for Individuals Filing for Bankruptcy (the "Petition"), which included certain schedules listing the Debtor's interests in certain property identified therein (the "Schedules");

DM3\5461119.1

**WHEREAS**, the Trustee, through her counsel, previously sent a demand letter to the Defendant Parties advising the Defendant Parties of, *inter alia*, the Trustee's investigation of potential claims of the Estate against the Defendant Parties, including certain turnover claims based upon loans made by the Debtor to the Defendant Parties (the "Loans");

**WHEREAS**, the Trustee thereafter filed adversary proceedings against the Defendant Parties seeking turnover of the amount of the Loans (collectively, the "Pending Adversary Proceedings");

**WHEREAS**, the Defendant Parties each filed an answer denying the claims asserted in the Pending Adversary Proceedings;

**WHEREAS**, after the Pending Adversary Proceedings were filed, on September 20, 2018, the Debtor filed an amended Schedule A/B [Doc. No. 92], ("Amended Schedule A/B"), disclosing the Loans in the Bankruptcy Case for the first time;

**WHEREAS**, on the same day, the Debtor filed his amended Schedule C [Doc. No. 93] ("Amended Schedule C," and, together with Amended Schedule A/B, the "Amended Schedules"), by which the Debtor asserts that he is entitled to claim an exemption in the Loans by virtue of Bankruptcy Code section 522(b)(3)(B);

**WHEREAS**, on October 10, 2018, the Trustee filed her *Objection of Lynn E. Feldman, Chapter 7 Trustee, to the Debtor's Claim of Exemption in Certain Undisclosed Property* [Doc. No. 94] (the "Objection");

**WHEREAS**, the Trustee believes that the Estate may have additional claims against the Debtor and/or the Defendant Parties, including, but not limited to, fraudulent transfer claims (the "Additional Claims," and, together with the Pending Adversary Proceedings, the Amended Schedules and the Objection, the "Pending Issues");

2

**WHEREAS**, the Parties would like to engage in mediation (a "Mediation") with a mutually-agreeable mediator (the "Mediator") in an attempt to negotiate a consensual resolution of the Pending Issues and any other claims between the Parties (collectively with the Pending Issues, the "Claims");

**WHEREAS**, the Parties, in an effort to avoid litigation and any unnecessary costs or expenses and in an attempt to reach an amicable resolution of the Claims, have agreed, among other things, to toll any pending statute of limitations and adjourn other pending deadlines with respect to the Pending Issues, and want to memorialize this understanding in writing.

## STIPULATION

**NOW, THEREFORE**, it is hereby stipulated and agreed by and between the Parties, through their respective undersigned counsel:

1. The Mediation shall commence as soon as practicable after this Stipulation is approved by the Bankruptcy Court, based upon the respective schedules of the Parties and the selected Mediator.

2. In connection with the Meditation: (a) the Debtor will pay one-half of the Mediator's fee prior to the date first scheduled for the Mediation; and (b)(i) if the Mediation is successful, the remainder of the Mediator's fee shall be paid within fifteen (15) days of the effective date of any settlement agreement entered into by the Parties out of the settlement amount paid by the Debtor to the Trustee on account of such settlement; or (ii) if the Mediation is not successful, the Trustee shall seek to employ the Mediator in the Bankruptcy Case and the remainder of the Mediator's fee shall be paid by the estate.

3. After the conclusion of the Meditation, the Trustee shall file a notice with the Bankruptcy Court indicating whether or not the Mediation was successful with respect to all of the Claims (the "Mediation Notice").

4. Any pending deadlines or statutes of limitations applicable under common law, or under federal, state, and/or local statutory law, or any other time-related defenses, including, but not limited to, any limitations under sections 108, 546(a) and 549(d) of the Bankruptcy Code and all other time limitations or time-based defenses with respect to the Claims are hereby tolled from the date this Stipulation is signed by all Parties through and including the date which is thirty (30) days after the Trustee has filed a Mediation Notice indicating that the Mediation has concluded without resolution of all of the Claims (which period can be subject to further extension by written agreement of the Parties, the "Tolling Period").

5. Each of the Parties shall forbear from instituting or prosecuting any legal, equitable or other action or claim against any other Party relating, referring or pertaining to the Claims for the duration of the Tolling Period and any extension thereof.

6. All deadlines currently in place with respect to the Pending Issues (including, but not limited to, the Pending Adversary Proceedings and the Objection) shall be adjourned for the duration of the Tolling Period and any extension thereof.

7. Should the Mediation not be successful with respect to all of the Claims (a) each Party may pursue any unresolved Claims against any other Party between the conclusion of the Mediation and the expiration of the Tolling Period, and (b) upon expiration of the Tolling Period all deadlines with respect to the Pending Issues may be reinstated.

8. The Parties hereby acknowledge and agree that any actions instituted after the expiration of the Tolling Period or any extension thereof in accordance with the terms of this Stipulation shall not be subject to any defenses based upon statutes of limitation, statutes of repose, or any other time-related defenses, including, but not limited to, any statues of limitations or repose under sections 108, 546(a) and 549(d) of the Bankruptcy Code.

DM3\5461119.1

9. Each of the Parties hereto represents that it: (i) has carefully read this Stipulation in its entirety; (ii) has had an adequate opportunity to consider this Stipulation and to consult with any advisor of its choice about this Stipulation; (iii) understands all of the terms of this Stipulation; (iv) enters into the terms of this Stipulation voluntarily and without duress; (v) has the full power, authority and legal right to enter into this Stipulation; (vi) has obtained all of the approvals and consents necessary to execute, deliver and perform under this Stipulation; and (vii) agrees and acknowledges to be bound by the terms and conditions of this Stipulation.

10. This Stipulation constitutes the entire agreement between the Parties hereto with respect to the subject matter hereof, and any prior oral or written statements concerning same are merged herein for all purposes and shall be of force only to the extent they are reiterated in this Stipulation.

11. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective successors or assigns.

12. This Stipulation may not be used as evidence in any subsequent litigation for any purpose other than to prove that the Parties agreed to a tolling of pending deadlines and periods of limitations and/or repose and the mutual waiver of certain defenses as provided herein.

13. This Stipulation is not intended to and shall not be construed as an admission of liability by any Party and all Parties continue to reserve all rights and defenses available to them, except as provided in this Stipulation.

14. No person other than the Parties may rely upon or utilize this Stipulation for any purpose whatsoever except as expressly permitted herein.

15. This Stipulation may be executed in counterparts and all executed counterparts taken together shall constitute one document.

5

DM3\5461119.1

16. A facsimile and/or photocopy of any page of this Stipulation, including a page bearing the signature(s) of one or more Parties, shall be the equivalent of an original of the same.

**DUANE MORRIS LLP**

/s/ Lawrence J. Kotler
Lawrence J. Kotler, Esq. (PA I.D. 56029)
Catherine B. Heitzenrater, Esq. (PA I.D. 205597)
30 South 17th Street
Philadelphia, PA 19103
Telephone:  (215) 979-1514
Facsimile:   (215) 979-1020
Email: LJKotler@duanemorris.com
CHeitzenrater@duanemorris.com

*Counsel to Lynn E. Feldman, Esquire, Chapter 7 Trustee for the Debtor's Estate*

**SMITH KANE HOLMAN, LLC**

/s/ David B. Smith
David B. Smith (PA I.D. 59098)
SMITH KANE HOLMAN, LLC
112 Moores Road, STE 300
Malvern, PA 19355
Telephone: (610) 407-7217
Facsimile: (610) 407-7218
Email: dsmith@skhlaw.com

*Counsel to Debtor*

**SILVERANG DONOHOE ROSENZWEIG & HALTZMAN, LLC**

/s/ Barbara A. Fein
Barbara A. Fein, Esquire (53002)
595 E. Lancaster Ave., Ste. 203
St. Davids, PA 19087
Telephone: (610) 263-0124
Facsimile: (215) 754-4934
Email: bfein@sanddlawyers.com

*Attorneys for the Defendant Parties*

6

DM3\5461119.1

IT IS SO ORDERED.

Dated: __November 14__, 2018

_____
Ashely M. Chan
UNITED STATES BANKRUPTCY JUDGE