United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Michael A. Carr  
    Debtor

Case No. 16-18870-amc  
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: Virginia     Page 1 of 2     Date Rcvd: Feb 05, 2020  
                          Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 07, 2020.  
13918918        #+Michael A. Carr,    5281 Rogers Circle,    Plymouth Meeting, Pennsylvania 19462-1250

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.      TOTAL: 0

       ***** BYPASSED RECIPIENTS *****  
NONE.      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 07, 2020                                 Signature: /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 5, 2020 at the address(es) listed below:

         ALFRED T GIULIANO    atgiuliano@giulianomiller.com,    NJ90@ecfcbis.com;ddileo@giulianomiller.com  
         BARBARA A. FEIN    on behalf of Defendant    4089 Pechin Street bfein@sanddlawyers.com, mhanford@sanddlawyers.com  
         BARBARA A. FEIN    on behalf of Defendant    C&M Student Housing LLC bfein@sanddlawyers.com, mhanford@sanddlawyers.com  
         BONNIE R. GOLUB    on behalf of Creditor    Wilmington Savings Fund Society, FSB bgolub@weirpartners.com, imarciniszyn@weirpartners.com  
         BRIAN CRAIG NICHOLAS    on behalf of Creditor    BANK OF AMERICA, N.A. bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com  
         DAVID B. SMITH    on behalf of Debtor Michael A. Carr dsmith@skhlaw.com, b.dr70286@notify.bestcase.com  
         DAVID B. SMITH    on behalf of Defendant Michael A. Carr dsmith@skhlaw.com, b.dr70286@notify.bestcase.com  
         JOHN M. STRAWN    on behalf of Creditor    U.S. Department of Labor strawn.john@dol.gov, zzsol-phi-docket@dol.gov  
         KEVIN P. CALLAHAN    on behalf of Plaintiff Andrew R. Vara, Acting United States Trustee kevin.p.callahan@usdoj.gov  
         LAWRENCE J. KOTLER    on behalf of Plaintiff Lynn Feldman ljkotler@duanemorris.com  
         LAWRENCE J. KOTLER    on behalf of Trustee LYNN E. FELDMAN ljkotler@duanemorris.com  
         LYNN E. FELDMAN    on behalf of Trustee LYNN E. FELDMAN trustee.feldman@rcn.com, lfeldman@ecf.axosfs.com  
         LYNN E. FELDMAN    trustee.feldman@rcn.com,    lfeldman@ecf.axosfs.com  
         MATTEO SAMUEL WEINER    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com  
         MICHAEL J. BURNS    on behalf of Plaintiff Joyce Wojtowicz and Plan Participants in the Tri State Imaging PR, mjburnslaw@verizon.net  
         NICHOLAS S. HERRON    on behalf of Plaintiff Andrew R. Vara, Acting United States Trustee nicholas.s.herron@usdoj.gov, USTPRegion03.PH.ECF@usdoj.gov  
         PHILIP S. ROSENZWEIG    on behalf of Defendant    C&M Student Housing LLC prosenzweig@sanddlawyers.com, mhanford@sanddlawyers.com;mraynor@sanddlawyers.com;rchew@sanddlawyers.com;boneill@sanddlawyers.com  
         PHILIP S. ROSENZWEIG    on behalf of Defendant    4089 Pechin Street prosenzweig@sanddlawyers.com, mhanford@sanddlawyers.com;mraynor@sanddlawyers.com;rchew@sanddlawyers.com;boneill@sanddlawyers.com  
         REBECCA ANN SOLARZ    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com  
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov

```
District/off: 0313-2          User: Virginia              Page 2 of 2              Date Rcvd: Feb 05, 2020
                              Form ID: pdf900             Total Noticed: 1
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
        WILLIAM EDWARD MILLER    on behalf of Creditor    THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW
        YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2007-1T1,
        MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1T1 wmiller@sterneisenberg.com,
        bkecf@sterneisenberg.com

                                                                                                                                                                                                                 TOTAL: 21

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 7 |
| MICHAEL A. CARR, | |
| Debtor. | Case No. 16-18870-AMC |

**STIPULATION AND AGREED ORDER RELATED TO THE PROOFS OF CLAIM OF THE UNITED STATES DEPARTMENT OF LABOR (CLAIM NO. 1) AND JOYCE WOJTOWICZ AND THE PARTICIPANTS AND BENEFICIARIES OF THE TRI-STATE IMAGING PR, LLC FLEXIBLE BENEFITS PLAN (CLAIM NO. 9)**

This Stipulation is: (i) entered into this 31st day of January, 2020, by and between counsel for Lynn E. Feldman (the "*Trustee*"), the Chapter 7 Trustee for the estate of Michael A. Carr (the "*Debtor*"), the United States Department of Labor (the "*Department*") and Joyce Wojtowicz, representing a class of similarly situated participants and beneficiaries of the Tri-State Imaging PR, LLC Flexible Benefits Plan (the "*Plan*") (the "*Participants*" and, together with the Trustee and the Department, the "*Parties*" and each, a "*Party*"); (ii) regarding Proof of Claim No. 1 (the "Claim No. 1") which the Department filed in the above-captioned bankruptcy case; and (iii) subject only to the approval by the United States Bankruptcy Court for Eastern District of Pennsylvania (the "*Court*")

### RECITALS

**WHEREAS**, on December 29, 2016 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "*Court*"); and

**WHEREAS**, on January 3, 2017, the Trustee was appointed chapter 7 Trustee for the Debtor's estate; and

DM3\6237361.1

WHEREAS, on February 2, 2017, the Department filed Claim No. 1 in the amount of $474,620.98 as an unsecured, non-priority claim; and

WHEREAS, Claim No. 1 was based on unpaid health claims and contributions to the Plan; and

WHEREAS, on May 15, 2017, the Participants filed a Proof of Claim, designated as claim number 9 ("Claim No. 9") against the Debtor's estate in the amount of $505,890.45 but filed the claim as an unsecured priority claim; and

WHEREAS, as with Claim No. 1, Claim No. 9 was based upon unpaid health claims and contributions to the Plan; and

WHEREAS, the Parties have discussed the *bona fides* of the Claims and have come to the conclusion that notwithstanding the different dollar amounts and priorities of the claims, that these claims are, in fact, duplicative; and

WHEREAS, rather than having the Trustee object to Claim No. 1, the Department has agreed that Claim No. 1 is duplicative of Claim No. 9 and, as such, has further agreed to withdraw Claim No. 1; and

WHEREAS, the Parties seek to resolve the Claims through this Stipulation;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1. The recitals set forth above are incorporated herein by this reference as though set forth herein at length.

2. This Stipulation shall be effective upon the date that it is fully executed and approved by the Court (the "*Stipulation Effective Date*").

DM3\6237361.1

2

3. Effective on the Stipulation Effective Date: (i) Claim No. 1 shall be withdrawn with prejudice; (ii) Claim No. 9 shall be allowed as a general unsecured claim in the amount of $505,890.45, (the "*Allowed Claim*") and (iii) such Allowed Claim shall not be subject to any further objection or contest by the Trustee.

4. As the Holder of an Allowed General Unsecured Claim, the Participants, collectively, shall be treated as a single unsecured creditor and shall be entitled to receive a distribution on account of such Allowed Claim in accordance with chapter 7 of the Bankruptcy Code.

5. The Clerk of the Bankruptcy Court and the Notice and Claims Agent are hereby authorized to reflect the Stipulation on the docket and Claims Register for the above-referenced case.

6. The Department represents and warrants that: (i) the Department is the sole owner and holder of Claim No. 1; (ii) the Department has not sold, assigned, or transferred Claim No. 1; (iii) that no consents are necessary for the Department to enter into this Stipulation; and (iv) except for Claim No. 1, the Department has not filed any proof of claim or request for payment of a claim or administrative expense against the Debtor's estate.

7. The Parties each declare that their respective decisions to enter into this Stipulation are not predicated on or influenced by any declaration or representation of the other Party, except as otherwise expressly provided herein.

8. The Parties agree that they or their counsel have carefully read this Stipulation, that they understand all of its terms and conditions, know its contents, and have signed below as their respective free and voluntary acts.

9. This Stipulation may be executed in counterparts, each of which shall be deemed an original and evidence of this Stipulation may be exchanged by fax or by electronic transmission of a scanned copy of the signature pages or by exchange of originally signed documents.

10. Each person who executes this Stipulation represents that he or she is duly authorized to execute this Stipulation on behalf of the parties represented by such person.

11. This Stipulation is the product of negotiation between the Parties and any rule of construction that ambiguities are to be resolved against the drafting will not apply in the interpretation of this Agreement.

12. Except with respect to the enforcement of the terms of this Agreement, nothing herein and no action taken by any of the Parties hereto shall be construed as an admission or concession with respect to the merits of either claim, or any other claims or causes of action.

13. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

Dated: January 31, 2020

UNITED STATES DEPARTMENT
OF LABOR

By: _____
Michael Schloss
Regional Director
Philadelphia Regional Office
Employee Benefits Security Administration
170 S. Independence Mall West
Suite 870 West
Philadelphia, PA 19106
Tel: (215) 861-5304

DM3\6237361.1                              4

BOWEN & BURNS

By: _____
Michael J. Burns, Esquire
PA Attorney Identification No. 62088
530 Street Road
Southampton, PA 18966
Tel: (215) 322-9030

Counsel to Joyce Wojtowicz


DUANE MORRIS LLP


By: _____
Lawrence J. Kotler, Esquire
PA Attorney Identification No. 56029
30 South 17th Street,
Philadelphia, PA 19103
Tel: (215) 979-1000

Attorney for Lynn E. Feldman, Chapter 7 Trustee


APPROVED AND SO ORDERED THIS
<u>4th</u> DAY OF <u>February</u>, 2020.

BY THE COURT:

_____
Ashely M. Chan, USBJ


DM3\6237361.1                                    5