IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | § | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| MICHAEL A. CARR, | § | |
| | § | Case No. 16-18870 (AMC) |
| Debtor. | § | |

### ORDER CLARIFYING THAT CERTAIN STIPULATION AND AGREED ORDER RELATED TO THE PROOFS OF CLAIM OF THE UNITED STATES DEPARTMENT OF LABOR (CLAIM NO. 1) AND JOYCE WOJTOWICZ AND THE PARTICIPANTS AND BENEFICIARIES OF THE TRI-STATE IMAGING PR, LLC FLEXIBLE BENEFITS PLAN (CLAIM NO. 9)

This matter is before the Court in connection with that certain *Stipulation and Agreed Order Related to the Proofs of Claim of the United States Department of Labor (Claim No. 1*[1]*) and Joyce Wojtowicz and the Participants and Beneficiaries of the Tri-State Imaging PR, LLC Flexible Benefits Plan (Claim No. 9)* [Docket Nos. 128 and 129] (the "Stipulation") [2], which was approved by this Court on February 4, 2020 (the "Approval Order"). Since the entry of the Approval Order, an issue has arisen regarding the actual claim that was withdrawn pursuant to the terms and conditions of the Stipulation[3]. Notwithstanding the fact that the Stipulation defined the Department Claim as "Claim No. 1," the Claims Register for the above-captioned chapter 7 case reflects that the Department Claim was actually designated as Claim No. 2 on the Claims Register

---

[1] Notwithstanding the title of the Stipulation, the claim filed by the Department of Labor was designated as Claim No. 2 on the Claims Register. Claim No. 1 was a claim filed by BB&T in the amount of $832.00.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Stipulation.

[3] By and through the Stipulation, counsel for Lynn E. Feldman (the "Trustee"), the Chapter 7 Trustee for the estate of Michael A. Carr the United States Department of Labor (the "Department") and Joyce Wojtowicz, representing a class of similarly situated participants and beneficiaries of the Tri-State Imaging PR, LLC Flexible Benefits Plan (the "Participants" and, together with the Trustee and the Department, the "Parties" and each, a "Party"), stipulated and agreed that, *inter alia*, the proof of claim filed by the Department in the above-captioned chapter 7 case (the "Department Claim") would be withdrawn with prejudice. Stipulation, ¶ 3

and that Claim No. 1 on the Claims Register was filed by BB&T and that as a result of the Approval Order, Claim No. 1 has been designated on the Claims Register as being withdrawn instead of Claim No. 2; and so as to avoid any additional confusion and to accurately reflect the terms and conditions of the Stipulation, it is hereby:

1.     ORDERED that the Department Claim, being designated as Claim No. 2 on the Claims Register, and no other claim, was withdrawn with prejudice; and it is further

2.     ORDERED that Proof of Claim No. 1, filed by BB&T, shall be reinstated; and it is further

3.     ORDERED that, to the extent necessary, the Clerk of the Court shall: (i) reinstate Claim No. 1 filed by BB&T on the Claims Register; and (ii) note on the Claims Register that Claim No. 2 filed by the Department of Labor has been withdrawn with prejudice; and it is further

4.     ORDERED that except for this Order's clarification of the actual claim being withdrawan, all of other the terms and conditions of the Stipulation shall remain in full force and effect; and it is further

5.     ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2020
**Date: October 21, 2020**

_____
THE HONORABLE ASHLEY M. CHAN
UNITED STATES BANKRUPTCY JUDGE

DM3\7126595.1