**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| MICHAEL A. CARR, ) | |
| ) | Case No. 16-18870-AMC |
| ) | |
| Debtor. ) | |

**TRUSTEE'S MOTION TO APPROVE AND AUTHORIZE PAYMENT OF A CERTAIN TAX CLAIM AS AN ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. §§ l05(a) and 503(b)(l)(A)**

Lynn E. Feldman, Chapter 7 Trustee for the above-referenced debtor's estate (the "Trustee") by and through her undersigned counsel, hereby files this *Motion to Approve and Authorize Payment of A Certain Tax Claim As An Administrative Expense Claim Pursuant to 11 US.C. §§ 105(a) and 503(b)(1)(A)* (the "Motion"). In the Motion, the Trustee seeks authorization to pay a certain tax claim in the amount of **$417.35** as an administrative expense claim pursuant to 11 U.S.C. § 503(b)(l)(A) owed by the Debtor's estate to the Pennsylvania Department of Revenue and, in support hereof, the Trustee respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are sections 105(a) and 503(b)(l)(A) of title 11 of the United States Code (the "Bankruptcy Code").

**Background**

5. On December 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court").

6. On December 30, 2016 (the "Appointment Date"), the Trustee was appointed as the chapter 7 Trustee for the Debtor and his estate.

7. On or around March 4, 2020, the Trustee, via the estate's accountant, filed the 2019 Commonwealth of Pennsylvania personal income taxes.

8. On or around, November 6, 2020, the Trustee received a letter from the Pennsylvania Department of Revenue (the "PDR") stating that the PDR has determined the Debtor's estate has incurred income taxes due and owing to the Pennsylvania taxing authorities in the amount of **$417.35**.

9. The Trustee has reviewed the letter from the PDR, has spoken to the estate's accountant and seeks authority from this Court to pay the taxes due and owing the Commonwealth of Pennsylvania as an administrative expense pursuant to 11 U.S.C. § 503(b)(l)(A).

10. As a general rule, administrative chapter 7 expenses include taxes which the trustee incurs in administering the debtor's estate, including taxes on capital gains from sales of property by the trustee and taxes on income earned by the estate during the case. 11 U.S.C. § 503(b)(1)(B).

11. Administrative expenses include, *inter alia*, (1) any tax "incurred by the estate;" (2) any "fine, penalty, or reduction in credit" relating to such a tax; and (3) compensation and reimbursement awarded to professionals under 11 U.S.C. § 330(a). 11 U.S.C. §§ 503(b)(l)(B)(i), (b)(l)(C), (b)(2).

12. The order of distribution of the property of an estate liquidated under Chapter 7 is governed by 11 U.S.C. § 726(a), which provides that the property should be disbursed first to pay "claims of the kind specified in, and in the order specified in, section 506 ... " Section 507(a) organizes various types of claims into separate priorities. The priority is shared by certain fees and costs due to the federal courts and the U.S. Trustee, pursuant to the Chapter 123 of title 28, as well as "administrative expenses allowed under section 503(b) ... " 11 U.S.C. § 507(a)(l).

13. Case law interpreting the Bankruptcy Code dictate that the Trustee should obtain court approval before paying taxes due. See *Butler v. Shanor*, 70 F.3d 1282 (Table), 1995 WL 699016, at *4 (10th Cir. 1995); *In re Quid Me Broadcasting, Inc.*, 181 B.R. 715, 717-20 (Bankr.W.D.N.Y. 2005) ("Even if the trustee had the means and inclination to have paid the $88,000 tax liability at the time he filed the tax return, he would have violated the Bankruptcy Code had he made the payment without approval of the Court.")

14. Pursuant to § 503(b) of the Bankruptcy Code, the Trustee requests authority to pay the Taxes as an administrative expense now without penalty.

**WHEREFORE**, the Chapter 7 Trustee respectfully requests that this Court enter an Order, substantially in the form of the Order annexed hereto, allowing the taxes owed to the Commonwealth of Pennsylvania to be paid as an administrative claim and granting such other and further relief as is just or proper.

Dated:  <u>November 12, 2020</u>                    Respectfully submitted,

<u>*/s/ Lynn E. Feldman*</u>
LYNN E. FELDMAN, ESQ, TRUSTEE
I.D. # 35996
FELDMAN LAW OFFICES, P.C.
221 N. Cedar Crest Boulevard
Allentown, PA 18104
(610) 530-9285